## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) No. 15-40866 |
| EHC, LLC, an Illinois Limited Liability Company, | ) Chapter 11 |
| | ) |
| Debtor/Debtor in Possession. | ) |

| | |
|---|---|
| EHC, LLC, an Illinois Limited Liability Company, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Adversary No. |
| v. | ) |
| | ) |
| LAKESIDE BANK and 36 HOLDINGS, LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, EHC, LLC, an Illinois Limited Liability Company ("EHC"), as Debtor and Debtor in Possession, by and through its undersigned attorney, as and for its Complaint against LAKESIDE BANK ("LAKESIDE") and 36 HOLDINGS, LLC ("36 HOLDINGS") states as follows:

### JURISDICTION, VENUE AND PARTIES

1.   Jurisdiction is proper in this Court as to this Adversary Proceeding pursuant to 28 U.S.C. Section 1334 (b) in that this action arises under and/or is related to Debtor's bankruptcy Proceeding. This is an Adversary Proceeding pursuant to Federal Rule 7001 which relates to the Chapter 11 proceeding regarding EHC, LLC docketed as Case No.15-40866.

2.   This Adversary proceeding is a "core" proceeding within the meaning of 28 U.S.C. Section 157 (b) (2) (A) and (O).

3. Venue is proper in this Court under 28 U.S.C. Section 1409(a).

4. EHC is an Illinois Limited Liability Company with its principal place of business located at 36 W. Randolph Street Chicago, Cook County, Illinois. EHC is an owner of the real property located at 36 W. Randolph Street Chicago, Cook County, Illinois ("Property").

5. Defendant Lakeside is a federally insured Illinois banking institution with its principal place of business located at 2800 N. Ashland Avenue, Chicago, Cook County, Illinois.

6. Defendant, 36 Holdings is an Illinois Limited Liability Company ("36 Holdings"), which has a principal place of business located at 191 N. Wacker Drive Suite 1800 Chicago, Cook County, Illinois.

7. By this Complaint, Plaintiff seeks monetary damages against Defendants for conversion, fraud, conspiracy to defraud and for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

## BACKGROUND FACTS

8. EHC was the mortgagor pursuant to two mortgages held by Lakeside Bank on the Property. On April 13, 2015, Lakeside allegedly assigned and sold the subject mortgages and notes to 36 Holdings. 36 Holdings purportedly purchased said mortgages and underlying notes from Lakeside Bank. Based on information and belief the notes and mortgages were purchased from Lakeside Bank for the *discounted amount* of $4 million. The mortgages were further cross collateralized with commercial real estate in Des Plaines, Illinois and vacant land in Green Bay Wisconsin. The EHC Property along with the two other collateralized real estate parcels combined are valued over $8 million.

9. Due to various flaws with the alleged sale and assignment, EHC states 36 Holdings is

not the proper owner of said mortgages and notes.

10. On June 22, 2015 36 Holdings filed a mortgage foreclosure action against the Property and EHC in the Circuit Court of Cook County, Illinois Case No. 15 CH 09675 ("Foreclosure").

## COUNT I
### (Conversion against Lakeside)

11. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 10 herein as if fully set forth.

12. Pursuant to the assignment Lakeside transferred and assigned all of its interest in the mortgages and notes with regard to the Property to 36 Holdings on April 13, 2015. On April 15, 2015, Lakeside, through its Vice President, Matthew Howe, demanded that Debtor make its monthly mortgage payment of $39, 000. Pursuant to the demand for payment, Debtor paid the mortgage payment to Lakeside. See check to Lakeside attached as Exhibit "A".

13. Lakeside did not advise Debtor of the April 13, 2015 assignment to 36 Holdings, and Debtor, at the time of the payment demand by Matthew Howe, and payment, had no knowledge of said assignment. Lakeside was demanding payment two days after it assigned its interest to 36 Holdings.

14. Lakeside wrongfully misappropriated Debtor's payment of $39,000 for their own benefit and to Plaintiff's detriment, in violation of Debtor's property rights. Lakeside was not the owner of the mortgages and notes on April 15, 2015 when it demanded Debtor pay the $39,000 mortgage payment.

15. As a proximate result of Defendants' acts of conversion, Debtor has been deprived of

its property rights and suffered damages in the amount of $39, 000.

16.   The aforementioned acts of Lakeside were willful, wanton, malicious, and oppressive, were undertaken with the intent to defraud, and justify the award of exemplary and punitive damages.

WHEREFORE, Debtor EHC, LLC respectfully requests that this Court enter judgment against Lakeside Bank in the amount of $39,000, plus interest, attorney's fees and costs, and punitive damages in an amount sufficient to punish Lakeside's wrongful conduct and to deter such misconduct in the future.

## COUNT II
### (Fraud against Lakeside)

17.   Plaintiff incorporates by reference and re-alleges paragraphs 1 through 16 herein as if fully set forth.

18.   Defendant Lakeside suppressed and concealed the purported assignment to 36 Holdings, which they had a duty to disclose to Debtor.

19.   When its Vice President Matthew Howe demanded payment from Debtor, Defendant Lakeside knew and concealed from Debtor it did not have the authority to demand and collect the $39, 000 payment made by Debtor to Lakeside on April 15, 2015.

20.   Lakeside, a federally insured financial institution, had a duty to disclose these material facts as a result of their fiduciary relationship with Debtor. Neither Matthew Howe, Lakeside's Vice President nor any other Lakeside representative advised Debtor of the Assignment.

21.   Lakeside suppressed and concealed material facts from Debtor with the intent to induce reliance and to defraud Debtor, and the conduct by Lakeside constitutes fraud.

4

22. As a proximate result of Lakeside's intentional and fraudulent concealment of the above described material facts, Debtor has sustained damages in the amount of $39,000.

23. The aforementioned acts of Lakeside were willful, wanton, malicious and oppressive, were undertaken with the intent to defraud, and justify the award of exemplary and punitive damages.

WHEREFORE, Debtor EHC, LLC respectfully requests that this Court enter judgment against Lakeside Bank in the amount of $39,000 with interest, attorney's fees and costs, and award punitive damages in an amount sufficient to punish Lakeside's wrongful conduct and to deter such misconduct in the future.

## COUNT III
### (Conspiracy to Defraud)

24. Debtor incorporates by reference and re-alleges paragraphs 1 through 23 herein as if fully set forth.

25. At all times material hereto, Lakeside, in concert with 36 Holdings, agreed, between and among themselves and in combination with each other and various agents, to engage in unlawful actions for a common purpose, to wit: to perpetrate a fraud upon Debtor. The mortgages and notes were assigned by Lakeside to 36 Holdings on April 13, 2015. Debtor was not notified of the alleged assignment by 36 Holdings until nearly a month later, sometime in May, 2015.

26. Lakeside, in concert with 36 Holdings, agreed to engage in these unlawful actions for purposes of instituting and furthering a fraudulent scheme to deprive Debtor of its property, namely its $39,000, and did so in order to accomplish the objective of defrauding Debtor and misappropriating monies and real property from the Debtor. The $39,000 payment made by Debtor

5

on April 15, 2015 is not referenced in the payoff demand statement issued to Debtor by 36 Holdings. See Exhibit "B".

27. The conspiracy to defraud and convert engaged in by Lakeside and 36 Holdings constitutes a separate and distinct independent tort.

28. 36 Holdings intended to and did encourage, facilitate or assist in the commission of the unlawful acts, and thereby aided and abetted Lakeside, in the unlawful conduct.

29. As a direct and proximate result of the actions and course of conduct of Lakeside and 36 Holdings, the Debtor has sustained damages.

**WHEREFORE**, Debtor respectfully requests that this Court enter judgment against Lakeside Bank in the amount of $39,000, plus interest, attorney's fees and costs, and punitive damages in an amount sufficient to punish Lakeside's wrongful conduct and to deter such misconduct in the future.

### COUNT IV
**(Unfair Business Practices – Violation of Illinois Consumer Fraud and Deceptive Business Practices Act ILCS 505/1 to 515/12)**

30. Debtor incorporates by reference and re-alleges paragraphs 1 through 29 herein as if fully set forth.

31. Lakeside engaged in unfair and deceptive acts and practices in violation of 815 ILCS 505/2, including the following:

    a) Failing to disclose to Debtor that the mortgages and notes relating to and secured by the Property were sold and assigned to a third party;

    b) Falsely claiming it was owed a $39,000 mortgage payment on April 15, 2015;

    c) Engaging in unfair and deceptive practices to lure Debtor to pay the $39,000 payment;

    d) Misrepresenting that Lakeside was the owner of the subject mortgages and notes;

6

32. Lakeside, and its successor, 36 Holdings, committed the aforementioned acts which constituted material representations that were false or were made recklessly.

33. Lakeside intended that Debtor rely on its deceptive acts.

34. Debtor did not have equal access to, or equal opportunity to discover information.

35. Lakeside engaged in such conduct for the purpose of obtaining money from Debtor and depriving Debtor of its property.

36. Lakeside's deception occurred in the course of conduct involving trade or commerce.

37. Lakeside's acts violated standards of fair trade practices and affected commerce.

38. The conduct of Lakeside, as set forth herein, constitutes unfair, fraudulent and deceptive trade practices prohibited under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 TO 515/12.

39. As a direct and proximate result of Lakeside's unfair, fraudulent and deceptive practices, Debtor has been damaged in the amount of $39,000.

40. Pursuant to 15 USC 1692(k), Debtor is entitled to actual damages, statutory damages as set forth herein, and reasonable attorney fees and costs.

**WHEREFORE**, as a result of the aforementioned reasons set forth above for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, Debtor respectfully requests that the Honorable Court:

(a) Find that Lakeside has engaged in trade or commerce within the meaning of section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2;

(b) Impose a civil penalty against Lakeside;

(c) Require Lakeside to pay the costs of this action;

(d) Grant any such other and further relief as it deems just and proper, including:

  i. A Judgment for Debtor's legal fees and costs;

  ii. Disgorgement of all amounts Lakeside profited from through unjust enrichment according to proof at trial;

  iii. Actual monetary damages in the amount of $39,000.

## COUNT V
### (Against 36 Holdings- Conspiracy to Defraud)

41. Debtor incorporates by reference and re-alleges paragraphs 1 through 40 herein as if fully set forth.

42. At all times material hereto, Lakeside, in concert with 36 Holdings, agreed, between and among themselves and in combination with each other and various agents, to engage in unlawful actions for a common purpose, to wit: to perpetrate a fraud upon Debtor. The mortgages and notes were assigned by Lakeside to 36 Holdings on April 13, 2015. Debtor was not notified of the alleged assignment by 36 Holdings until nearly a month later, sometime in May, 2015.

43. Lakeside, in concert with 36 Holdings, agreed to engage in these unlawful actions for purposes of instituting and furthering a fraudulent scheme to deprive Debtor of its property, namely its $39,000, and did so in order to accomplish the objective of defrauding Debtor and misappropriating monies and real property from the Debtor. The $39,000 payment made by Debtor on April 15, 2015 is not referenced in the payoff demand statement issued to Debtor by 36 Holdings. See Exhibit "B".

44. The conspiracy to defraud and convert engaged in by Lakeside and 36 Holdings constitutes a separate and distinct independent tort.

45.   36 Holdings intended to and did encourage, facilitate or assist in the commission of the unlawful acts, and thereby aided and abetted Lakeside, in the unlawful conduct.

46.   As a direct and proximate result of the actions and course of conduct of Lakeside and 36 Holdings, the Debtor has sustained damages.

**WHEREFORE**, Debtor respectfully requests that this Court enter judgment against 36 Holdings in the amount of $39,000, plus interest, attorney's fees and costs, and punitive damages in an amount sufficient to punish Lakeside's wrongful conduct and to deter such misconduct in the future.

Dated: January 5, 2016                                Respectfully Submitted,

                                                      EHC, LLC

                                                      By:_____*/s/ Nikola Duric*_____
                                                              One of its Attorneys

Nikola Duric
Duric Law Offices
810 Busse Highway
Park Ridge, IL 60068
(847) 692-3522
Duriclaw@att.net

## VERIFICATION

I, Robert Rothstein, a duly authorized representative of EHC, LLC, state the statements made herein are true and accurate to the best of my knowledge and belief, except those statements made upon knowledge and belief which I verily believe to be true.

_____  1/4/16

Witness my hand and official seal.

_____  1/4/16

NOTARY PUBLIC IN AND FOR    Notary Seal
THE STATE OF ILLINOIS

```
OFFICIAL SEAL
JOHN P WALLACE
Notary Public - State of Illinois
My Commission Expires May 28, 2017
```